## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE DENIAR MOLLETT, | : | CIVIL ACTION NO. 1:23-CV-2084 |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Leslie Deniar Mollett, alleges that defendants were deliberately indifferent to substantial risks of serious harm by exposing him to COVID-19, allowing him to remain handcuffed for several hours, and delaying medical care for his low blood sugar for two hours.  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without prejudice for failure to state a claim upon which relief may be granted.  Mollett will be granted leave to file an amended complaint.

## I.    <u>Factual Background & Procedural History</u>

Mollett filed his complaint on December 7, 2023, and the court received and docketed the complaint on December 15, 2023.  (Doc. 1).  According to the complaint, Mollett was incarcerated in Frackville State Correctional Institution ("SCI-Frackville") on December 29, 2021 at 11:30 a.m., when several officers entered his housing block and removed him and nine other inmates from their cells to conduct a random search.  (Id. at 2).  The officers had dogs with them, who were

directed to sniff the inmates' "back sides and private areas." (Id.) One of the dogs "seemed to be aggressive while sniffing the plaintiff's private area, which felt weird which caused a sudden reaction." (Id.)

Mollett and his cellmate were allegedly escorted from their cell for the search team to perform an x-ray to check for the presence of drugs or contraband. (Id.) The x-ray was negative. (Id.) The search team returned Mollett and the cellmate to their cell and informed them that their cell would be the first one searched when the search team returned to the unit. (Id.) They were then escorted to the back of the housing unit and placed on benches while handcuffed behind their backs. (Id. at 3). Mollett asked whether he could have the handcuffs removed while he sat on the bench, but the officers denied the request. (Id.)

The officers on the search team purportedly did not wear face masks while searching the housing block. (Id.) Mollett and several other inmates on the block expressed their concern about this practice because the housing unit "was an unvaccinated unit."[1] (Id.)

Mollett allegedly asked defendant Wynder, a deputy who was part of the search team, if he could have his handcuffs loosened because they were causing him pain. (Id.) Wynder allegedly ignored the request. (Id.) The complaint avers that Mollett is a "known diabetic" and that the handcuffs were causing his wrist to swell. (Id.) Mollett was still in handcuffs at 2:00 p.m., when he requested to use the

---

[1] The court assumes this is meant to indicate that the inmates on the housing block had not been vaccinated against COVID-19.

bathroom and to be seen by medical staff because of a drop in his blood sugar.  (Id.)

The search team allowed him to use the bathroom, but did not allow him to be seen

for medical attention until 4:00 p.m.  (Id.)  The complaint alleges that Mollett and

"95% of the unit" caught COVID-19 within two or three days after the search.  (Id.)

 The complaint asserts claims for deliberate indifference and cruel and

unusual punishment in violation of the Eighth Amendment.  (Id. at 5.)  The

complaint names Wynder as a defendant along with Brittain, the prison's

superintendent, and Simpson, a lieutenant in the prison.  (Id. at 2.)  The complaint

alleges that all three defendants were present during the search of Mollett's housing

block and did not stop the alleged violations of Mollett's civil rights.  (Id. at 4).

Mollett requests compensatory and punitive damages.  (Id. at 6.)

## II.  **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a

complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity.  See 28 U.S.C. §

1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**III.   Discussion**

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

>   **(A)** the allegation of poverty is untrue; or

>   **(B)** the action or appeal—

>>      **(i)** is frivolous or malicious;

>>      **(ii)** fails to state a claim on which relief may be granted; or

>>      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

>   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   **(2)** seeks monetary relief from a defendant who is immune from such relief.

Mollett brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The complaint does not specifically state which facts give rise to Mollett's deliberate indifference and cruel and unusual punishment claims, but we liberally construe the complaint as advancing three claims: (1) that defendants' failure to require members of the search team to wear face masks constituted deliberate indifference to the risk that Mollett would be exposed to COVID-19; (2) that defendants' refusal to remove or loosen Mollett's handcuffs for several hours constituted cruel and unusual punishment; and (3) that defendants were deliberately indifferent to Mollett's serious medical need by failing to get him medical attention for several hours.

Claims of deliberate indifference require a plaintiff to allege (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that risk; and (3) the defendant's deliberate indifference caused the plaintiff harm. Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)), *abrogated in*

*nonrelevant part as recognized by* <u>Mack v. Yost</u>, 968 F.3d 311, 319 n.7 (3d Cir. 2020).
The first element is an objective inquiry of whether the official "knowingly and
unreasonably disregarded an objectively intolerable risk of harm." <u>Beers-Capitol v.
Wetzel</u>, 256 F.3d 120, 132 (3d Cir. 2001).  The second element is subjective: "the
prison official-defendant must actually have known or been aware of the excessive
risk to inmate safety." <u>Bistrian</u>, 696 F.3d at 367 (quoting <u>Beers-Capitol</u>, 256 F.3d at
125).

The complaint fails to state a deliberate indifference claim upon which relief
may be granted arising from Mollett's exposure to COVID-19.  The complaint avers
that Mollett was not vaccinated against COVID-19 when he was allegedly exposed
to the virus on December 29, 2021.  (<u>See</u> Doc. 1 at 3).  The court takes judicial notice
that "effective COVID-19 vaccines" were "widely available" well before December
29, 2021, <u>see</u> <u>Garrett v. Murphy</u>, 17 F.4th 419, 433 (3d Cir. 2021), and were being
offered to inmates at all state correctional institutions in Pennsylvania at that time,
<u>see</u> <u>Ali v. Rivello</u>, No. 1:20-cv-1462, 2021 WL 5003406, at *1 (M.D. Pa. Oct. 28, 2021).

It appears from the complaint that Mollett was not vaccinated against
COVID-19 due to his own personal choice.  Mollett does not allege that he has any
underlying medical condition that would make him vulnerable to serious side
effects from the COVID-19 vaccine.  Although the complaint alleges that Mollett has
diabetes, (<u>see</u> Doc. 1 at 3), the court takes judicial notice that vaccination against
COVID-19 is recommended for people with diabetes.  <u>See</u> *What Vaccines Are
Recommended for You*, Centers for Disease Control and Prevention,
https://www.cdc.gov/vaccines/adults/rec-vac/index.html (last updated Sept. 8, 2023)

(stating that "[p]eople with diabetes (both type 1 and type 2) are at higher risk for serious problems, including hospitalization or death, from certain vaccine-preventable diseases" and recommending that people with diabetes receive COVID-19 vaccines).

Mollett's decision to forego vaccination against COVID-19 dooms his deliberate indifference claim.  Simply put, Mollett "cannot refuse a vaccine that would largely ensure his protection from COVID-19 and then allege that prison officials are failing to ensure his protection from COVID-19."  Ali, 2021 WL 5003406, at *3; cf. Garrett, F.4th at 433 (rejecting claim that COVID-19 placed plaintiff in immediate danger of physical harm because "effective COVID-19 vaccines are widely available").  The DOC has offered Mollett an effective means of protecting him from COVID-19, and Mollett has refused it.  The Eighth Amendment does not require defendants to protect Mollett from COVID-19 in the exact manner that he chooses.  Cf., e.g., Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (holding that "mere disagreement" as to proper medical treatment does not support a claim for deliberate indifference under the Eighth Amendment).

We will also dismiss Mollett's claim that placement in handcuffs for approximately four and a half hours constitutes cruel and unusual punishment.  Use of handcuffs for this amount of time without any medical complaints does not

amount to cruel and unusual punishment under the Eighth Amendment.[4]  <u>See</u>, <u>e.g.</u>, <u>Abdullah v. Seba</u>, 658 F. App'x 83, 85 (3d Cir. 2016) (nonprecedential),[5] (concluding that plaintiff could not establish cruel and unusual punishment where "[h]e was kept in restraints for 24 hours," he "was checked every two hours by prison officers and every four hours by medical personnel," and he "offered no medical complaints").

Finally, the complaint fails to state a claim for deliberate indifference to a serious medical need.  To state such a claim, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  <u>Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003) (citing <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention."  <u>Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

Mollett's bare assertion that he suffered a "drop" in his "sugar" is not sufficient to allege a serious medical need.  (<u>See</u> Doc. 1 at 3).  Although an individual with diabetes may require immediate medical attention for an episode of low blood

---

[4] Although the complaint alleges that the handcuffs caused Mollett's wrist to swell, he does not allege that he subsequently needed any medical attention for this swelling.

[5] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

sugar, see *Low Blood Sugar (Hypoglycemia)*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/diabetes/basics/low-blood-sugar.html (last updated Dec. 30, 2022), the complaint has not alleged sufficient facts to show that immediate medical attention was needed to treat his low blood sugar in this instance.  Moreover, the complaint does not allege that the two-hour delay between Mollett initially complaining of low blood sugar at 2:00 p.m. and receiving medical attention at 4:00 p.m. caused his condition to worsen in any way.  (See Doc. 1 at 3). Hence, we will dismiss the deliberate indifference claim for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We cannot conclude that leave to amend would be inequitable or futile in the instant case.  It appears that the pleading defects in all three of Mollett's claims could be cured by the inclusion of additional factual allegations that were not included in the initial complaint.

**IV.**    **<u>Conclusion</u>**

We will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  Mollett will be granted leave to amend.  An appropriate order shall issue.

<u>/S/ Christopher C. Conner</u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 22, 2024